# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer *RRP* | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5276 | **DATE** | 7/9/2012 |
| **CASE TITLE** | Debora Dukes-Smith vs. Loyola Medical Center | | |

**DOCKET ENTRY TEXT**

Ms. Dukes-Smith's financial affidavit reveals that she has a modest income and is capable of paying a reduced fee. Her motion *in forma pauperis* application [4] is granted in part and denied in part, and Ms. Dukes-Smith is directed to pay a fee of $100.00 within 30 days. If she wishes to proceed further, Ms. Dukes-Smith shall pay the reduced filing fee within 30 days and submit an amended complaint within 30 days, as well. There is no constitutional right to the appointment of an attorney in a civil case, such as this, and at this stage, it appears that Ms. Dukes-Smith will be capable of representing herself. Her motion for appointment of counsel [5] is therefore denied without prejudice. (For further details see minute order.)

■ [ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Debora Dukes-Smith has tendered a complaint of employment discrimination against her employer, Loyola Medical Center, together with a motion for leave to proceed without prepayment of fees (*in forma pauperis* application) and a motion for appointment of counsel. Ms. Dukes-Smith's financial affidavit reveals that she has a modest income and is capable of paying a reduced fee. Her motion *in forma pauperis* application [4] is granted in part and denied in part, and Ms. Dukes-Smith is directed to pay a fee of $100.00 within 30 days.

The court turns to a review of the complaint as required by 28 U.S.C. § 1915. Ms. Dukes-Smith, who is still employed by Loyola Medical Center, has alleged that Loyola discriminated against her on the bases of race and disability, that she was a victim of harassment, and that Loyola retaliated against her for asserting her rights under federal employment law. In a narrative description of her claims, Ms. Dukes-Smith asserts that she was "taken off of work after seeing occupational health due to job restriction." Ms. Dukes-Smith alleges that her daughter, a DePaul University student, has been "called a hoe," as has Ms. Dukes-Smith herself, and that her mother, who is mentally ill and has been treated in the outpatient clinic, has been harassed as well.

Beyond those statements, the complaint provides little detail. Summons will not issue at this time, and Ms. Dukes-Smith is directed to file an amended complaint that sets forth her allegations in greater detail, and in brief numbered paragraphs. The court will expect her to describe specifically the nature of the harassment she suffered, including the name(s) of the persons involved; the dates and times of the harassing activity; the complaints, if any, she made concerning that harassment; and a description of how she has been harmed. The amended complaint should also explain the bases for Ms. Dukes-Smith's contention that the harassing conduct was motivated by her race or her disability. The court directs that she identify the nature of that disability, as well. Finally, the court cautions that unless Ms. Dukes-Smith is a licensed attorney, she is not entitled to represent her daughter or her mother and may not present claims on their behalf.

| STATEMENT |
|---|
| If she wishes to proceed further, Ms. Dukes-Smith shall pay the reduced filing fee within 30 days and submit an amended complaint within 30 days, as well. There is no constitutional right to the appointment of an attorney in a civil case, such as this, and at this stage, it appears that Ms. Dukes-Smith will be capable of representing herself. Her motion for appointment of counsel [5] is therefore denied without prejudice. |